IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROSLYN ROSS, individually and on behalf of other similarly situated individuals,<br>　　Plaintiff(s),<br><br>vs.<br><br>FUN HOLDINGS, LLC, d/b/a<br>PERFECT 10 CABARET,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: _____<br>JURY DEMANDED |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Roslyn Ross, files this *Complaint*, individually and on behalf of other similarly situated individuals, complaining of Fun Holdings, LLC, d/b/a Perfect 10 Cabaret, and would respectfully show the following:

### I. PARTIES

1.1.    Plaintiff, *Roslyn Ross* ("Ross" or "Plaintiff"), is an individual residing in Harris County, Texas, who files this lawsuit on her behalf and on behalf of other similarly situated individuals who may subsequently opt-in this lawsuit.

1.2.    Defendant, Fun Holding, LLC, d/b/a Perfect 10 Cabaret ("Perfect 10" or "Defendant"), is a Texas domestic limited liability company with its principal place of business in Travis County, Texas, and may be served with summons by serving its registered agent, Brian W. Bishop, at 900 West Avenue, Austin, Texas 78701.

## II. COLLECTIVE ACTION

2.1.     Ross files this complaint on her own behalf and on behalf of other similarly situated individuals pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Ross files this complaint on her behalf and on behalf of other dancers and similar individuals who were misclassified as independent contractors and who were not paid minimum wage and/or one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek ("the Class") at any time from January 15, 2016, to the present ("the Relevant Time Period").

## III. VENUE

3.1.     Venue of this action is proper in this district and division because Perfect 10's principal place of business is in this district and division and the events giving rise to the cause of action alleged herein occurred in this district and division.

## IV. JURISDICTION

4.1.     This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. §§ 201-19, as amended.

## V. STATEMENT OF CAUSES OF ACTION

5.1.     Perfect 10 was an "employer" of Ross within the meaning of 29 U.S.C. § 203(d).

5.2.     Perfect 10 was an "enterprise" within the meaning of 29 U.S.C. § 203(r) during the Relevant Time Period.

5.3. During the Relevant Time Period, Perfect 10 was an enterprise engaged in commerce or the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.4. During the Relevant Time Period, Perfect 10 had annual gross volume of sales or business of $500,000 or more.

5.5. During the Relevant Time Period, Ross was engaged in commerce or in the production of goods for commerce as those terms are used in the FLSA.

5.6. During the Relevant Time Period, Ross worked as an exotic dancer at Perfect 10.

5.7. During the Relevant Time Period, Perfect 10 treated Ross as an independent contractor.

5.8. During the Relevant Time Period, Perfect 10 did not classify Ross as an employee.

5.9. During the Relevant Time Period, the job duties of Ross were those of a non-exempt employee under the FLSA and Ross was not paid a salary by Perfect 10.

5.10. During the Relevant Time Period the job duties of Ross did not qualify her as an exempt employee under the FLSA.

5.11. During the Relevant Time Period, Ross, at times, worked more than forty hours per week for Perfect 10.

5.12. During the Relevant Time Period, Perfect 10 "suffered or permitted" Ross to work, as those terms are used in the FLSA.

5.13. During the Relevant Time Period, Perfect 10 did not pay Ross a wage of at least $7.25 per hour worked.

5.14.   During the Relevant Time Period, Perfect 10 did not pay Ross one and one-half times her regular hourly rate for every hour worked in excess of forty in a workweek.

5.15.   While performing services for Perfect 10 during the Relevant Time Period, Ross was only compensated through tips received from patrons.

5.16.   During the Relevant Time Period, Perfect 10 did not permit Ross to retain all of her tips, but routinely "fined" Ross and charged various house fees for shifts worked. These fines and fees further reduced Ross's pay below the statutory minimum wage.

5.17.   During the Relevant Time Period, it was Perfect 10's policy and/or practice to treat dancers as independent contractors, not pay dancers a statutory minimum wage of at least $7.25 per hour, and not pay dancers one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek.

5.18.   Perfect 10 owes Ross unpaid minimum wage and unpaid overtime under the FLSA for work performed during the Relevant Time Period as well as reimbursement for fines and fees.

## VI. Violation of the FLSA

6.1.   Ross incorporates the factual allegations recited above and would show Perfect 10 is liable to her for overtime compensation and minimum wage compensation under the FLSA.

6.2.   Perfect 10 had a statutory obligation to pay Ross a minimum wage of at least $7.25 per hour she worked. Perfect 10 had a statutory obligation to pay Ross overtime at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty in a given workweek. Ross regularly worked for Perfect 10 in excess of forty hours a week during the Relevant Time Period. Perfect 10 did not pay Ross a statutory minimum wage or overtime at a rate of one and one-half times her regular rate of pay for overtime hours during the entirety of the

Relevant Time Period. Perfect 10 further violated the FLSA by requiring Ross to pay a fine and fee to Perfect 10 and/or to Perfect 10's employees to work.

6.3. As an economic reality, during the Relevant Time Period, Ross was economically dependent upon the business of Perfect 10. Ross was not in business for herself.

6.4. At all relevant times, Ross performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA. Ross was not paid on a salary basis.

6.5. Ross seeks, and is entitled to, a recovery of liquidated damages on her claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

6.6. There is no reasonable basis for Perfect 10 to believe Ross was an independent contractor, that Ross was exempt under the FLSA, or that Perfect 10's practices were permitted by the FLSA. Perfect 10 did not act in good faith in failing to pay Ross in accordance with the requirements of the FLSA.

6.7. Perfect 10's violations of the FLSA were willful. Perfect 10 knew or showed reckless disregard for whether its conduct was illegal.

### VII. ATTORNEYS' FEES

7.1. Perfect 10's refusal to abide by its statutory obligations to Ross has made it necessary for Ross to employ the undersigned attorneys to file this lawsuit. As such, Ross requests the Court to award a reasonable fee, pursuant to the FLSA, for her attorneys' services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs.

## VIII. SECTION 216(b) COLLECTIVE ACTION

8.1.  Ross incorporates the factual allegations recited above. Ross files this complaint on her own behalf and on behalf of other current and former dancers of Perfect 10 during the Relevant Time Period pursuant to Section 216(b) of the FLSA, who were not paid minimum wage and/or time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek and who were charged fines and fees by Perfect 10 to work.

8.2.  During the Relevant Time Period it was Perfect 10's policy and/or practice to not pay Ross and the other putative plaintiffs a statutory minimum wage of $7.25 per hour, not pay for hours worked in excess of forty hours per week at one and one-half times their regular hourly rate, and to fine and/or require the payment of a fee to work. Therefore, there are other similarly situated individuals who are owed wages under the FLSA for work they performed for Perfect 10 during the Relevant Time Period. The putative plaintiffs were required to pay fees and/or fines to Perfect 10 and/or to Perfect 10's employees to work. The putative plaintiffs are entitled to theh recovery of unpaid minimum wage, overtime, and all fees and fines paid to Perfect 10 and Perfect 10's employees.

8.3.  As an economic reality, the putative plaintiffs were economically dependent upon the business of Perfect 10. The putative plaintiffs were not in business for themselves.

8.4.  At all relevant times, the putative plaintiffs performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA.

8.5.  The putative plaintiffs are entitled to a recovery of liquidated damages on their claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

8.6.	There is no reasonable basis for Perfect 10 to believe the putative plaintiffs were exempt under the FLSA or that Perfect 10's practices were permitted by the FLSA. Perfect 10 did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

8.7.	Perfect 10's violations of the FLSA were willful. Perfect 10 knew or showed reckless disregard for whether its conduct was illegal.

8.8.	The putative plaintiffs are owed wages, overtime, liquidated damages, and attorneys' fees, for the same reasons as Ross. The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA. Ross requests such notice be issued.

### IX. Jury Demand

9.1.	Ross demands a jury on all issues to be tried in this matter.

### Prayer

WHEREFORE, Plaintiff Rosslyn Ross prays that Defendant, Fun Holdings, LLC, d/b/a Perfect 10 be summoned to appear; that notice be issued to other dancers and similarly situated individuals; and that on final trial of this matter, Plaintiff be granted relief as follows:

(a)	Judgment declaring that the acts and practices of Defendant described herein violate the FLSA, as amended;

(b)	Judgment awarding Plaintiff and putative plaintiffs minimum wage, overtime, and reimbursement for all fees and fines paid by them;

(c)	Liquidated damages all minimum wage, overtime, and all fees and fines paid by Plaintiff and putative plaintiffs;

(d)	Judgment declaring that the acts and practices of Defendant described herein constitute a willful violation of the FLSA, as amended;

(e)     Costs of suit and reasonable attorneys' fees;

(f)     Prejudgment and post-judgment interest as provided by law; and

(g)     Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

Respectfully submitted,

FIDDLER & ASSOCIATES, P.C.

/S/ G. SCOTT FIDDLER

_____
G. SCOTT FIDDLER
*Attorney-in-Charge*
Texas State Bar No. 06957750
Federal ID No. 12508
scott@fiddlerlaw.com
1004 Congress, 3rd Floor
Houston, Texas 77002
Tel:    713-228-0070
Fax:    713-228-0078

ATTORNEY FOR PLAINTIFF